FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 13 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
VERIZON NEW YORK INC., et al.,

        Plaintiffs,

 -against-

GLOBAL NAPS, INC., et al.,

        Defendants.
---------------------------------------------------------------x

MEMORANDUM & ORDER

07-cv-4459 (ENV) (RML)

VITALIANO, D.J.,

  Before the Court now is plaintiffs' notice of dismissal, which they submitted pursuant to Rule 41(a)(1)(A). Plaintiffs seek dismissal of their claims without prejudice with respect to defendants Frank Gangi and 321 Heath Street Realty Trust,[1] noting that pursuant to Rule 41(a)(1)(A) a plaintiff does not require leave of Court to dismiss its claims without prejudice if defendants have not answered or moved for summary judgment.

  Defendants note that, in what might be seen as an odd response, pursuant to the Court's individual practice rules, their previously filed letter requesting a pre-motion conference on their anticipated motion for summary judgment is, for timing purposes, the equivalent of the filing of a motion for summary judgment itself. As a result, defendants correctly contend that plaintiffs' notice of dismissal cannot be

---

[1] Plaintiffs agree to dismiss their claims with prejudice with respect to all other defendants.

1

entered and become effective without the prior order of, and in accordance with any conditions imposed by, this Court. Defendants, of course, do not oppose dismissal, but they do oppose dismissal if it is entered without prejudice. They urge the Court to use its powers under Rule 41(a)(2) to dismiss this action with prejudice to the right of plaintiffs to re-file their claims in this Court or in a court of any other jurisdiction.

Intransigent and inflexible as the parties have been throughout this protracted litigation, neither side is willing to budge from their current positions. Further, both sides agree that every single claim advanced in this action by plaintiffs will, upon Rule 41(a) dismissal, be barred by the applicable statutes of limitations. Absent the failure of defendants assert to such a defense in any future litigation, it does not matter one whit whether the order of dismissal is entered with or without prejudice. Undeterred by the legally academic nature of their squabble, the parties fight on, taxing their resources and the resources of this Court.

The Court will resist the temptation to sanction the lawyers and the parties on both sides of this action.

Having read the latest submissions of the parties, despite high hopes that common sense would prevail, it is clear that only futility would reign at the pre-trial conference that the Court previously scheduled to discuss this matter. Based on the written submissions of the parties, the Court will, with sound discretion, exercise its power under Rule 41(a)(2) and order the entry of plaintiffs' notice of dismissal upon the conditions the Court has endorsed on it.

## Conclusion

The Clerk of Court will enter the endorsed notice of dismissal ordered by the Court and will close this case.

SO ORDERED.

Dated: Brooklyn, New York
February 12, 2014

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge